Filed 2/28/22  P. v. Campbell CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KENNETH L. CAMPBELL,<br><br>    Defendant and Appellant. | B315192<br><br>(Los Angeles County<br>Super. Ct. No. A328464-01) |

APPEAL from an order of the Superior Court of Los Angeles County, David Fields, Judge.  Affirmed.

Kenneth L. Campbell, in pro. per.; and Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

————————————

Kenneth L. Campbell appeals from a postjudgment order denying his motion to vacate his 1977 conviction for first degree robbery pursuant to Penal Code section 1473.7, subdivision (a)(2). No arguable issues were identified by Campbell's appointed appellate counsel after his review of the record. We also have identified no arguable issues after our own independent review of the record and analysis of the contentions presented by Campbell in a supplemental brief. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Campbell was convicted in 1977 following a jury trial of first degree robbery (Pen. Code, § 211). The jury found Campbell was sane at the time of the offense.

On June 4, 2021 Campbell, representing himself, filed a motion to vacate his robbery conviction pursuant to Penal Code section 1473.7, subdivision (a)(2), based on newly discovered evidence of actual innocence.[1] In his motion papers Campbell contended he lacked the requisite intent to commit the crime and the incident had been "an Academy Award Winning Performance." The superior court summarily denied the motion. After stating that Campbell had been convicted of both first degree robbery and assault with a deadly weapon, the court ruled, "Defendant Campbell's intent and sanity were determined by the jury in 1977, and the Court of Appeal upheld defendant Campbell's convictions. In the instant motion Defendant

---

[1] Penal Code section 1473.7, subdivision (a), provides in part, "A person who is no longer in criminal custody may file a motion to vacate a conviction or sentence for any of the following reasons: [¶] . . . [¶] (2) Newly discovered evidence of actual innocence exists that requires vacation of the conviction or sentence as a matter of law or in the interests of justice."

Campbell presents no 'newly discovered evidence of actual innocence' as required by Penal Code Section 1473.7(a)(2)."

Campbell filed a timely notice of appeal.

## DISCUSSION

In accord with the procedures described in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278, we appointed counsel to represent Campbell on appeal. After reviewing the record, appointed counsel filed a brief raising no issues. Appointed counsel advised Campbell on January 6, 2022 that he could personally submit any contentions or issues he wanted the court to consider.

On February 9, 2022 we received a three-page typewritten supplemental letter brief from Campbell. Nowhere in his letter does Campbell point to any new evidence establishing his innocence of the robbery at issue in his motion to vacate under Penal Code section 1473.7, subdivision (a)(2). To the contrary, Campbell admits he committed the crime "as a vehicle to straighten out the law and promote justice [and] to prove that robbery is a felony and not a traffic offense."

The principal thrust of Campbell's letter is his apparent conviction for aggravated assault. Campbell asserts he was unaware of that conviction "prior to superior court order denying motion to vacate robbery conviction." He identifies six "arguable issues" all relating to the assault, including whether brandishing a firearm in a rude and threatening manner constitutes assault and whether he was denied the effective assistance of counsel in connection with the charge of assault. If Campbell was, in fact, convicted of assault in violation of Penal Code section 245, subdivision (a), in 1977, and he now wishes to challenge that

3

conviction, he must first file an appropriate motion or petition in the superior court.

Because no cognizable legal issues have been raised by Campbell's appellate counsel or by Campbell or identified in our independent review of the record, the order denying the postjudgment motions is affirmed. (See *People v. Cole*, *supra*, 52 Cal.App.5th at pp. 1039-1040, review granted; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The postjudgment order is affirmed.



PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.

4